```
                    IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| AUTORIDAD DE CARRETERAS Y TRANSPORTACION, **Plaintiff**, v. TRANSCORE ATLANTIC, INC., **Defendant**. | **Civil No.** 15-1924 (FAB) |

## MEMORANDUM AND ORDER

BESOSA, District Judge

On June 17, 2015, the Puerto Rico Highway and Transportation Authority ("PRHTA") brought suit against TransCore Atlantic, Inc. ("TransCore") in the Puerto Rico Court of First Instance, San Juan Superior Division.  (Docket No. 25-1.)  The suit concerns a contract pursuant to which TransCore operated and managed the electronic toll payment system ("AutoExpreso") and a related customer service center in Puerto Rico.  Id. at p. 3.  PRHTA alleges that it owns certain equipment and materials used by TransCore, and it seeks an injunction and a declaratory judgment that would prohibit TransCore from removing the equipment and materials upon termination of the contract on June 30, 2015.  Id. at pp. 3-23.

Civil No. 15-1924 (FAB)                                               2

On June 22, 2015, TransCore answered the complaint and filed a counterclaim alleging that it owns the disputed equipment and materials.  (Docket No. 25-8.)  TransCore requested declaratory relief, damages, and attorney's fees in its counterclaim.  Id. at pp. 33-38.  On July 13, 2015, defendant TransCore removed the case to federal court on the basis of diversity jurisdiction.  (Docket No. 1.)

Plaintiff PRHTA now moves to remand the case to the San Juan Superior Court, citing a forum selection clause.  (Docket No. 18.)  Defendant TransCore opposes, arguing that this case is outside the forum selection clause's scope.  (Docket No. 27.)  PRHTA replied. (Docket No. 30.)

The forum selection clause at issue appears in Article 17.5 of the Master Agreement between PRHTA and TransCore and states as follows:

> **Any legal action commenced by the Contractor** or any Subcontractor (or any Guarantor) arising out of, or relating to, the performance of the Contract shall be brought only in the Court of First Instance Puerto Rico [*sic*].

(Docket No. 1-8 at p. 77 (emphasis added).)  It is clear from the language of this clause that the forum requirement applies only to "legal action[s] commenced by the Contractor or any Subcontractor (or any Guarantor)."  Id.  The "Contractor" is TransCore, id. at

Civil No. 15-1924 (FAB)                                                  3

p. 114, and the parties agree that PRHTA is not a "Subcontractor" or a "Guarantor."  Thus, the forum selection provision does not apply to legal actions commenced by PRHTA.  Because PRHTA commenced this action when it filed a complaint against TransCore, the forum requirement does not apply.

PRHTA argues that TransCore's counterclaim alters this very plain analysis because the counterclaim is a "separate, distinct legal action[] initiated by TransCore against PRHTA."  (Docket No. 30 at p. 5.)  PRHTA essentially invites the Court to construe the commencement of a legal action, triggering the forum selection clause, as including the filing of a counterclaim.  The Court declines PRHTA's invitation.  When "the terms of a contract are clear and leave no doubt as to the intentions of the contracting parties, the literal sense of its stipulations shall be observed."  P.R. Laws Ann. tit. 31, § 3471.  The Court finds that the forum selection clause's phrase "legal action commenced" is clear.  Both the federal and Puerto Rico rules of civil procedure provide that "[a] civil action is commenced by filing a **complaint** with the court."  Fed. R. Civ. P. 3; P.R. R. Civ. P. 2 (emphasis added). Thus, TransCore did not commence an action when it filed a counterclaim because a counterclaim is not a complaint.  Compare Black's Law Dictionary 344 (10th ed. 2014) (defining "complaint" as

Civil No. 15-1924 (FAB)                                              4

"[t]he initial pleading that starts a civil action and states the basis for the court's jurisdiction, the basis for the plaintiff's claim, and the demand for relief"), with id. at 427 (defining "counterclaim" as a "claim for relief asserted against an opposing party after an original claim has been made").

Furthermore, "when construing a contract, one must presuppose fairness, correction and good faith in its wording and construe it in such a manner that leads to results consonant with the contractual relationship as required by ethical standards.  In other words, one cannot seek to obfuscate or distort the interpretation of contracts to reach absurd or unfair results." Irizarry v. Garcia, 155 P.R. Dec. 713, 726, __ P.R. Offic. Trans. __, 2001 WL 1555664 (P.R. Nov. 27, 2001).  PRHTA's interpretation of the forum selection clause would put TransCore in the position of choosing between asserting its right of removal to federal court and asserting its compulsory counterclaim[1] - an absurd and unfair dilemma.

---

[1] A compulsory counterclaim is a claim that arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim and does not require adding a party over whom the court lacks jurisdiction. Fed. R. Civ. P. 13(a); P.R. R. Civ. P. 11.1.  Here, TransCore's counterclaim is compulsory because it stems from the same dispute over equipment and materials that is the subject of PRHTA's complaint.  See Docket Nos. 25-1, 25-8.

Civil No. 15-1924 (FAB)                                                  5

TransCore agreed to the Puerto Rico Court of First Instance forum solely in the eventuality that it decided to commence a legal action against PRHTA.  Because PRHTA commenced this action when it filed a complaint against TransCore, the forum selection clause does not apply.  The Court **DENIES** plaintiff PRHTA's motion to remand this case to the San Juan Superior Court on the basis of the forum selection clause, (Docket No. 18).

Costs and attorneys fees incurred in opposing the PRHTA's motion to remand are awarded to TransCore Atlantic, Inc.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, September 11, 2015.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE